UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | Civ. No. 6:13-cv-06526 - DGL |
| | : | |
| IMAGEXPRES CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

**FINAL CONSENT JUDGMENT AS TO DEFENDANT
JOHN S. ZANKOWSKI**

The Securities and Exchange Commission having filed a Complaint and Defendant John

S. Zankowski ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

2

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
shall pay a civil penalty in the amount of $50,000 to the Securities and Exchange Commission
pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall satisfy his
obligation to pay the civil penalty of $50,000 in the following manner:

(1) Defendant shall pay $10,000, within 14 days of entry of this Final Judgment.

(2) Defendant shall pay the remaining $40,000, plus post-judgment interest of $51.29
pursuant to 28 U.S.C. § 1961, in four equal quarterly installments of $10,012.82. The
first quarterly installment shall be paid within 90 days after the entry of this Final
Judgment; the second quarterly installment shall be paid within 180 days after the entry
of this Final Judgment; the third quarterly installment shall be paid within 270 days after
the entry of this Final Judgment; and (5) the fourth quarterly installment shall be paid 360
days after the entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the Commission and
shall be applied first to post judgment interest. If Defendant fails to make any payment by the
date agreed and/or in the amount agreed according to the schedule set forth above, all
outstanding payments under this Final Judgment, including post-judgment interest, minus any
payments made, shall become due and payable immediately at the discretion of the staff of the
Commission without further application to the Court.

Defendant may transmit payment electronically to the Commission, which will provide
detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly
from a bank account via Pay.gov through the SEC website at
http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John S. Zankowski's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

4

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: September 30, 2013

DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE